a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

THI HONG SON VU #A242-290-455,        CIVIL DOCKET NO. 6:26-CV-00126
Petitioner                                          SEC P

VERSUS                            JUDGE ROBERT R. SUMMERHAYS

WARDEN SOUTH LOUISIANA I C E     MAGISTRATE JUDGE PEREZ-MONTES
PROCESSING CENTER,
Respondents

REPORT AND RECOMMENDATION

Pro se Petitioner Thi Hong Son Vu ("Vu") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking release from civil detention. ECF No. 1. At the time of filing, Vu was detained at the South Louisiana ICE Processing Center in Basile, Louisiana. ECF No. 1 at 1.

Because Vu is no longer detained, the Petition should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

I.    Background

Vu is a native and citizen of Vietnam. On February 25, 2026, an immigration judge granted voluntary departure under safeguards. ECF No. 16-2. According to the online detainee locator service, Vu is no longer detained.[1] And Court staff has verified that she was released from detention on May 11, 2026.

---

[1] https://locator.ice.gov

1

## II.     Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  If a controversy becomes moot, the case must be dismissed for lack of jurisdiction.  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).  The parties must continue to have a "personal stake in the outcome" of the lawsuit.  *Id.*   Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

## III.     Conclusion

Because Vu is no longer detained, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, May 18, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

3